43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brandon Franklin MILLER, a minor, by and through his parents
and next friends, Mary Ann Miller and Randall
Miller, Plaintiff-Appellant,
v.
WYETH LABORATORIES, INC., a New York corporation, Lederle
Laboratories Division, American Cyanamid Company, a Maine
corporation; Connaught Laboratories, Inc., A Pasteur
Merieux Company, a Delaware corporation; and Sclavo,
S.P.A., an Italian corporation, Defendants-Appellees.
 No. 94-6090.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff brought this diversity action for products liability alleging injury from a series of immunizations with diphtheria, tetanus and pertussis (DTP) vaccine. In his first amended complaint, plaintiff conceded that he could not identify the precise manufacturer of the DTP vaccine given to him. He therefore sought recovery from defendants, manufacturers of the vaccine, on the collective liability theories of alternate liability, market share liability, and enterprise or industry-wide liability. He contends that he was given a generic, fungible vaccine and that defendants were the only manufacturers of the vaccine.
 
 
 4
 On motions to dismiss for failure to state a claim filed by Lederle, Wyeth and Connaught, the district court determined that Oklahoma has not adopted and would not adopt these theories of recovery because they allow recovery without the necessity of proving a causative link between a tortfeasor and the plaintiff's injury. Relying primarily on Case v. Fibreboard Corporation, 743 P.2d 1062 (Okla.1987), it concluded plaintiff failed to state valid claims and granted the motions to dismiss. It also dismissed defendants Sclavo, Inc. and Sclavo S.P.A. on the same basis and then dismissed the complaint. Plaintiff appeals, contending that Oklahoma law allows recovery in this situation under the various theories alleged. Alternatively, he has moved for certification of this question to the Oklahoma Supreme Court. We review dismissal for failure to state a claim de novo. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991).
 
 
 5
 After the parties had filed their briefs, another panel of this court, in a case involving injuries allegedly caused by diethylstibesterol (DES), concluded that Oklahoma law did not allow recovery under the alternative and market share liability theories in products liability cases. Wood v. Eli Lilly & Co., No. 93-6274, 1994 WL 550664 (10th Cir. Oct.11, 1994). We see nothing distinguishable in this case and conclude that the court's holding in Wood applies equally here, and that its reasoning logically extends to bar recovery under the enterprise liability and other collective liability theories plaintiff raises.[2] Moreover, because of Wood, certification to the Oklahoma Supreme Court is unnecessary.
 
 
 6
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Appellant's motion for certification of question of state law is DENIED.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff raises "risk contribution" and "market share alternate liability" theories on appeal, but did not present these theories to the district court. We do not consider issues first raised on appeal. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). Plaintiff also contends that the district court erred in striking an affidavit filed in response to the motions to dismiss. In light of our resolution of the merits of plaintiff's claims, this issue is moot